IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY M.[1],

        Plaintiff,                        Civ. No. 3:19-cv-00401-MC

        v.                            OPINION AND ORDER

ANDREW SAUL,
Commissioner of the Social Security
Administration,

        Defendant.
_____

MCSHANE, Judge:

      Plaintiff brings this action for judicial review of the Commissioner's decision denying his

application for supplemental security income. This court has jurisdiction under 42 U.S.C. §§

405(g) and 1383(c)(3). On January 12, 2017, Plaintiff filed an application for benefits, alleging

disability as of April 1, 2010. Tr. 15.[2] After a hearing, the administrative law judge (ALJ)

determined Plaintiff was not disabled under the Social Security Act. Tr. 42. Plaintiff argues the

ALJ erred by failing to include all of Plaintiff's limitations in the hypothetical question posed to

the vocational expert (VE). Because the Commissioner's decision is based on proper legal

standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in the case.

[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner," and therefore must affirm. *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1998)).

## DISCUSSION

### I. The Administrative Law Judge did not err in Determining Plaintiff's Residual Functional Capacity

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work after considering the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the

Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*

As noted, Plaintiff argues that the ALJ erred in not including all of Plaintiff's limitations in the hypothetical posed to the VE. Specifically, Plaintiff asserts that the hypothetical failed to limit Plaintiff to only occasional handling and fingering with the upper right extremity. Pl.'s Brief 5, ECF No. 13. Plaintiff argues that because examining physician Dr. Nolan limited Plaintiff to occasional handling and fingering, and because the ALJ gave Dr. Nolan's opinion "significant weight," the ALJ erred in concluding Plaintiff could perform frequent handling and fingering. The Court concludes that the ALJ did not err in limiting Plaintiff to frequent handling and fingering. That said, even if the ALJ erred, the error was harmless.

The ALJ summarized the opinion of examining neurologist Dr. Nolan:

> [Plaintiff] would have difficulty with fine motor skills involving his right upper extremity due to tremor, but specifically could lift and/or carry up to 20 pounds frequently and 100 pounds occasionally; sit for 2 hours at a time and 7 hours total in an 8 hour workday; stand for 2 hours at a time and 6 hours total in an 8 hour workday; walk for 2 hours at a time and 6 hours total in an 8 hour workday; *handle and finger with his right upper extremity occasionally*; frequently climb, stoop, kneel, crouch, and crawl; and needed no cane to ambulate; continuously do handling and fingering with the left hand; continuously reach, feel, push/pull bilaterally; continuously use the feet to operate foot controls; continuously balance; and continuously tolerate exposure to unprotected heights, moving mechanical parts, operating a motor vehicle, humidity and wetness, dust, odors, fumes, pulmonary irritants, extreme temperature, and vibrations.

TR. 38 (emphasis added).

Plaintiff argues the ALJ erred because despite giving great weight to Dr. Nolan's opinion, the RFC limits Plaintiff to frequent—rather than occasional—handling and fingering. While the ALJ gave great weight to Dr. Nolan's overall opinion, he concluded the record as a whole indicated Plaintiff was capable of somewhat more handling and fingering. On that point, the ALJ

gave greater weight to the opinions of the state reviewing doctors, who concluded Plaintiff was capable of frequent handling and fingering.

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. Because the opinions of the non-examining doctors differed from that of examining Dr. Nolan, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence to properly reject that specific portion of Dr. Nolan's opinion.

In formulating Plaintiff's RFC, the ALJ considered the entire record. He acknowledged that Plaintiff is limited but ultimately found that the "medical evidence [did] not corroborate the degree of limitation alleged by the claimant. Moreover, the claimant's reported activities show greater functional abilities than alleged." Tr. 40. The ALJ noted Plaintiff's activities of daily living included wood working, building a rabbit coop, playing video games, doing household chores, and caring for his girlfriend's children. Tr. 38. This is supported by the record. At the hearing, Plaintiff admitted playing video games every day, and participating in household chores such as doing the laundry and dishes. Tr. 72, 75. Additionally, a 2017 Disability Benefits Questionnaire  indicated that Plaintiff engaged in building a rabbit coop and woodworking activities and cared for his girlfriend's children while she works outside their home. Tr. 1556.

The ALJ also concluded Plaintiff's work history indicated he was not as limited as he alleged. This too is supported by substantial evidence in the record and supports the ALJ's RFC determination. At his hearing, Plaintiff admitted to quitting jobs not because of his limitations,

but from a lack of fulfillment. Tr. 76. In various reports, Plaintiff also admitted to leaving jobs to be closer to his children, because the job was boring or unsatisfying, or because he lost interest in the job. Tr. 936, 1556, 2771. The ALJ's conclusion is further supported by a 2017 report by a Community Employment Coordinator, who noted that Plaintiff was looking for work to supplement his Social Security benefits, but did not want to be put at risk of losing those benefits. Tr. 1530.

The ALJ also looked to treating physician Dr. Way, who acknowledged a tremor in Plaintiff's extremity, but, as noted by the ALJ, did not find "any specific limitations in the [Plaintiff's] ability to grasp, turn or twist objects, do fine manipulations, or reach bilaterally." Tr. 38. This is supported by the record. In his June 2017 Medical Source Statement, Dr. Way noted a mild tremor in Plaintiff's right arm, but also wrote that the tremor was improved by medications Plaintiff took. Tr. 1573–74. Dr. Way also indicated that Plaintiff was not significantly limited in reaching, handling, or fingering. Tr. 1575. The ALJ gave some weight to Dr. Way's opinion.

Dr. Nolan's opinion is not limited to Plaintiff's fingering and handling by the right extremity. Instead he provides opinions for Plaintiff's ability to stand, sit, lift, move, and balance (among others). In giving substantial weight to Dr. Nolan's opinion, the ALJ gave great weight to the majority of those findings, most of which were included in the final RFC. The change from occasional to frequent fingering and handling did not require the ALJ to specify exactly which portions of such a lengthy assessment would be kept the same, or which would be slightly tweaked.

The ALJ need not recite "magic words" when weighing differing medical opinions. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). This is especially true when the difference in opinions is relatively minor. After all, reviewing courts "are not deprived of our

faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Id.* After summarizing Dr. Nolan's overall opinion—including his opinion that Plaintiff could occasionally finger and handle with his right upper extremity—the ALJ stated:

> Significant weight is given to this opinion because it is consistent with Dr. Nolan's clinical findings as well as with the claimant's own reports to VA psychologist Dr. Dillon during a C&P evaluation in July 2017 that he was able to engage in wide range of activities including wood working projects such as building a rabbit coop.

Tr. 38 (internal citations omitted).

In context, especially considering the ALJ explicitly addressed Plaintiff's wood working projects when discussing Dr. Nolan's opinion, it is clear the ALJ agreed generally with Dr. Nolan's opinion, but concluded Plaintiff was capable of frequent (rather than occasional) handling. This becomes even clearer upon realizing that immediately after discussing Dr. Nolan's opinion, the ALJ discussed the opinion of Plaintiff's treating neurologist, including that the neurologist identified no limits in Plaintiff's fingering or handling. Tr. 38. Additionally, on the next page, the ALJ discussed the opinions of the state agency physicians, who opined Plaintiff could frequently finger and handle with his right upper extremity. Tr. 39.

The Court finds that the ALJ provided sufficiently specific and legitimate reasons to give greater weight to the opinions of the state agency doctors (who believed Plaintiff could frequently finger and handle) when compared with the opinions of Plaintiff's treating neurologist (who identified no fingering or handling limitations) and Dr. Nolan (who believed Plaintiff could occasionally finger and handle). Although the ALJ could have been clearer when discussing the weighing of the differing opinions, this does not mean the ALJ's decision must be remanded. "Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (internal quotations omitted). After reviewing the ALJ's analysis of the record as a whole,

the Court can reasonably discern the ALJ's path in formulating an RFC limiting Plaintiff to frequent fingering and handling. As that finding is supported by substantial evidence in the record, the ALJ did not err.

## II.     Any Error by the Administrative Law Judge was Harmless

Even if the ALJ erred in limiting Plaintiff to frequent (as opposed to occasional) right dominant handling or fingering, any error is harmless. "Harmless error is . . . applied in Social Security cases when it is clear from the record that an ALJ's error was 'inconsequential to the ultimate non disability determination.'" *Caldwell v. Astrue*, 804 F. Supp. 2d 1098, 1104 (D. Or. 2011) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

At the hearing, the ALJ asked the VE to evaluate:

an individual [that can do light work that is performed where the general public is not typically present, that does not require more than occasional interaction with coworkers, supervisors, or the general public] and the work must not require more than occasional right, dominant handling or fingering.

Tr. 86.

In response, the VE, stated that an individual with those limitations could perform the work of "bakery worker, conveyor" of which 43,400 jobs existed in the national economy. *Id.* As discussed above, the ALJ ultimately determined Plaintiff could frequently handle and therefore not disabled at step four. As the VE confirmed that even if Plaintiff was limited to occasional fingering or handling, he could still perform the work of "bakery worker, conveyor," any error by the ALJ regarding Plaintiff's fingering and handling was harmless.

/ / / /

/ / / /

/ / / /

/ / / /

**CONCLUSION**

Because the Commissioner's decision is free of legal error and supported by substantial evidence in the record, and any error is harmless, the Commissioner's final decision is AFFIRMED. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d at 1193. IT IS SO ORDERED.

DATED this 13th day of April, 2020.

 /s/ Michael McShane
**Michael J. McShane**
**United States District Judge**
